**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:15-CV-315-RJC-DCK**

| | |
|---|---|
| **GAY STEVENS-FRAGALE and RAJEEV SOOD,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **T-MOBILE USA, INC.,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

## CONSENT PROTECTIVE ORDER

THIS CAUSE comes before the undersigned Judge upon the consent motion of Plaintiffs, Gay Stevens-Fragale and Rajeev Sood, and Defendant T-Mobile USA, Inc., pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an order permitting the parties to protect the confidentiality of documents that may be produced in this matter. For good cause shown, the Court hereby approves and enters the following Protective Order:

1. The "Litigation" shall mean the above-captioned case, Civil Action No. 3:15-cv-315, or as the pleadings are amended.

2. "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, in connection with this Litigation.

3. "Producing Party" shall mean any party or nonparty person or entity that provides, serves, files, or produces any nonpublic information in connection with this Litigation.

4. Discovery Materials produced or disclosed in connection with the Litigation by a Producing Party that contain either: (1) non-public commercial, financial, or proprietary information; or (2) non-public information concerning individuals and companies including but not limited to social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, financial and banking information, and Customer Property Network Information ("CPNI") and other information that Defendant T-Mobile is obliged to protect pursuant to 47 U.S.C. § 222 that may be designated CONFIDENTIAL by the Producing Party. Discovery Materials produced or disclosed in connection with the Litigation by a Producing Party that contain extremely sensitive, highly confidential, or trade secret or competitive information may be designated ATTORNEYS' EYES ONLY by the Producing Party if disclosure to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Discovery Materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be referred to herein as "Designated Discovery Materials." The Parties further agree that reference to any category or type of Discovery Material above shall not be construed as an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

5. Designated Discovery Material may be designated confidential or attorneys' eyes only by marking or stamping the page or pages containing such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." To the extent the information is electronically stored, the physical media in which the electronically stored information is delivered or produced may be stamped "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6. CONFIDENTIAL Discovery Material be maintained in strict confidence by the Parties who receive such Materials, shall be used solely for the purposes of this Litigation, and

shall not be disclosed to any person except:

**(a) The Court and persons assisting the Court in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters and videographers);**

**(b) The attorneys of record in this Litigation and their partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");**

**(c) A party, or a former or present officer, director, or employee of a party deemed necessary by counsel for the prosecution or defense of this Litigation;**

**(d) Subject to the terms of Paragraph 8 below, third party witnesses, other than former officers, directors and employees of the Parties, deemed necessary by counsel for the prosecution or defense of this Litigation;**

**(e) Subject to the terms of Paragraph 8 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;**

**(f) Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and**

**(g) Any other person as to whom the parties may agree in writing.**

7. "ATTORNEYS' EYES ONLY" Discovery Materials shall be maintained in strict confidence by the persons who receive such Materials, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

**(a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;**

**(b) Judges, law clerks and other clerical personnel of the Court before which this action is pending;**

**(c) Expert Witnesses designated by a party whom the receiving party identifies to the Producing Party at least five (5) days prior to disclosure to the expert witness. If the producing party has any objection to the disclosure of "Attorneys' Eyes Only" information to the proposed expert witness, it shall so notify the receiving party within the five (5) day period. The parties will attempt to resolve any differences concerning such disclosure, but if they are unable to do so, the receiving party may seek relief from the Court as**

3

**provided in paragraph 14 below. No disclosure of the information shall be made to the expert witness until after the Court has ruled upon the issue; and**

**(d) Any other person as to whom the parties may agree in writing.**

8. With respect to outside experts and third parties, including third party witnesses, the expert or individual must be provided with a copy of this Order and must sign a Certification in the form set forth as Exhibit A hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The party on whose behalf such a Certification is signed shall retain the original Certification. Notwithstanding any other provision herein, nothing shall prevent a party from revealing Designated Discovery Materials to a witness who created or previously received such information.

9. If a Producing Party, through inadvertence, produces any CONFIDENTIAL or ATTORNEYS' EYES ONLY document or information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, within a reasonable time of its original production, furnish a substitute copy properly marked along with written notice (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY and should be treated as such in accordance with the provisions of this Order.

10. If a Producing Party, through inadvertence, produces any document or information that the Producing Party contends is subject to the attorney-client privilege or work-product doctrine, the Producing Party may, within a reasonable time, request that such document or information be returned by the receiving party who will not retain any copies, will collect and return all copies that were distributed to third parties, and will not review the document or information after being notified it is subject to a claim of privilege or protection. Inadvertent production of attorney-client, work product, or other privileged material shall not be deemed a

waiver of the applicable privilege. Nothing herein shall limit any party from challenging the designation of any information as subject to the attorney-client privilege or work product protection, including without limitation any information returned pursuant to this paragraph.

11. A Producing Party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY all or any portion of a deposition transcript that contains Designated Discovery Material. The Producing Party shall advise the court reporter and counsel after the deposition, either orally at the deposition or in writing no later than ten (10) days of receipt of the transcript. Until the end of the ten (10) day period, the parties shall treat the entire transcript as Designated Discovery Material. The court reporter shall mark CONFIDENTIAL or ATTORNEYS' EYES ONLY on the face of the transcript at the beginning and end of any portions thereof so designated. Copies of the transcript for counsel's use may contain the confidential testimony and other testimony in a single volume.

12. If Designated Discovery Material, including any portion of a deposition transcript, is included in any papers to be filed with the Court, such Designated Discovery Material shall be filed separately under seal unless the Producing Party consents to the information being filed unsealed. Filing under seal shall be without prejudice to any party's right to argue that such document is not confidential and need not be preserved under seal. Pursuant to Local Rule 6.1(F), the Court hereby authorizes the provisional filing under seal of Designated Discovery Material in connection with a dispositive motion only, subject to any party's right to move to unseal any material pursuant to Local Rule 6.1(H). The Court may revise its Order authorizing filing under seal or may, upon notice to the parties, unseal any material previously filed under seal. Except as expressly authorized herein, no party shall file any material under seal unless authorized by the Court following the procedures set forth in Local Rule 6.1.

13. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding. All parties reserve the right to challenge the designation of documents, materials, or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

14. If at any time a party objects to a designation of Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, the objecting party shall notify the Producing Party in writing. The objecting party shall identify the Discovery Materials in question and shall specify in reasonable detail the reason or reasons for the objection. If the parties cannot resolve their disagreement, the objecting party may apply for a ruling from the Court. The party seeking to maintain the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation of any documents or materials shall have the burden of demonstrating that the material qualifies for its particular designation. While any such application is pending, the material will remain confidential until the Court rules.

15. This Order shall not be construed to prevent any party from making use of or disclosing information that was lawfully obtained by a party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from disclosing its own CONFIDENTIAL and ATTORNEY EYES' ONLY as it deems appropriate.

16. This Order is applicable to non-parties such that they may resort to the protections afforded in this Order without the necessity of further motion practice.

17. This Order shall survive settlement, judgment or other disposition or conclusion of the Litigation and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Each party shall destroy any Designated Discovery Material

upon request of the Producing Party, within sixty (60) days of said request, except attorneys of record may retain copies of the Designated Discovery Materials only for the purpose of preserving a record of this Litigation and cannot use the Designated Discovery Materials for any other purpose.

18. This Confidentiality Agreement may be modified by mutual agreement of the Parties. Such modification shall be in writing, signed by all Parties.

SO ORDERED.

Signed: April 27, 2016

David C. Keesler
United States Magistrate Judge

WE REQUEST AND CONSENT
TO THE FOREGOING:


/s/ Nicholas J. Sanservino, Jr.
Nicholas J. Sanservino, Jr. (N.C. Bar No. 36557)
Laura L. Noble (N.C. Bar No. 38691)
THE NOBEL LAW FIRM, PLLC
308 W. Rosemary Street, Suite 303
Chapel Hill, N.C. 27516
Telephone: (919) 251-6008
Facsimile: (919) 869-2079
nick@thenoblelaw.com
lnoble@thenoblelaw.com
*Attorneys for Plaintiffs*

/s/A. Todd Capitano
A. Todd Capitano (N.C. State Bar No. 20804)
ERWIN, BISHOP, CAPITANO & MOSS, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Telephone: (704) 716-1200
Fax: (704) 716-1201
E-mail: tcapitano@ebcmlaw.com


/s/Benjamin A. Stone
Benjamin A. Stone (appearing *pro hac vice*)
MUNGER & STONE, LLP
999 Peachtree Street, NE, Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-1884
Fax: (404) 815-4687
E-mail: ben.stone@mungerandstone.com

Attorneys for Defendant.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:15-CV-315-RJC-DCK**

| | |
|---|---|
| **GAY STEVENS-FRAGALE and RAJEEV SOOD,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **T-MOBILE USA, INC.,** | ) ) |
| **Defendant.** | ) ) ) |

## **CERTIFICATION**

The undersigned hereby certifies that he/she has read the Consent Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

 

Name: _____

Date: _____